# United States Court of Appeals for the Federal Circuit

———————————

**ROBERT M. GATES, SECRETARY OF DEFENSE,**
*Appellant,*

**v.**

**RAYTHEON COMPANY,**
*Appellee.*

———————————

2008-1543

———————————

Appeal from the Armed Services Board of Contract Appeals in no. 54907, Administrative Judge Jack Delman.

ON PETITION FOR REHEARING EN BANC

———————————

Before RADER, *Chief Judge*, NEWMAN, MAYER[*], LOURIE, BRYSON, GAJARSA, LINN, DYK, PROST, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

GAJARSA, *Circuit Judge*, with whom LINN, PROST, and O'MALLEY, *Circuit Judges*, join, dissents from the denial of the petition for rehearing en banc.

NEWMAN, *Circuit Judge*, dissents from the denial of the petition for rehearing en banc.

———————

[*]    Judge Mayer participated only in the decision on panel rehearing.

———————————————

KAREN L. MANOS, Gibson, Dunn & Crutcher LLP, of Washington, DC, filed a petition for rehearing en banc for appellee. With her on the petition were CHRISTYNE K. BRENNAN and DACE A. CALDWELL.

C. COLEMAN BIRD, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, filed a response to the petition for appellant. With him on the response were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

RICHARD C. JOHNSON, Smith Pachter McWhorter PLC, of Vienna, Virginia, for amicus curiae National Defense Industrial Association.

———————————————

## O R D E R

A petition for rehearing en banc was filed by Appellee, and a response thereto was invited by the court and filed by Appellant. The court granted leave to National Defense Industrial Association to file a brief amicus curiae in support of Appellee's petition.

The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc, response, and brief amicus curiae were referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition of Appellee for panel rehearing is denied.

(2) The petition of Appellee for rehearing en banc is denied.

(3) The mandate of the court will issue on March 8, 2011.

FOR THE COURT


March 1, 2011                    /s/ Jan Horbaly
Date                             Jan Horbaly
                                 Clerk


cc:  C. Coleman Bird, Esq.
     Karen L. Manos, Esq.
     Richard C. Johnson, Esq.

# United States Court of Appeals
## for the Federal Circuit

---

**ROBERT M. GATES, SECRETARY OF DEFENSE,**
*Appellant,*

v.

**RAYTHEON COMPANY,**
*Appellee.*

---

2008-1543

---

Appeal from the Armed Services Board of Contract Appeals in no. 54907, Administrative Judge Jack Delman.

GAJARSA, *Circuit Judge*, with whom LINN, PROST, and O'MALLEY, *Circuit Judges*, join, dissenting from the denial of the petition for rehearing en banc.

---

I respectfully dissent from the court's denial of the request to rehear this case en banc. The refusal to rehear this case en banc is erroneous because it allows our precedent in *Canadian Fur Trappers Corp. v. United States*, 884 F.2d 563 (Fed. Cir. 1989), to continue to be the law of this circuit. As a result, we are required to continue assessing compounded interest under 26 U.S.C. § 6622 whenever a statute refers to the rate of interest calculated pursuant to 26 U.S.C. § 6621. This is not the result Congress intended. Because *Canadian Fur* was based on a misreading of the language in 19 U.S.C. § 1677g that

appears in many other statutes, this court should have taken the opportunity to correct our flawed precedent.

Title 26 of the United States Code is the Tax Code. Section 6621 of title 26 states various rates of interest, including the rate of interest for amounts overpaid, amounts underpaid, and the federal short term rate. 26 U.S.C. § 6621. Although § 6621 certainly provides the rate of interest applicable to amounts underpaid or overpaid under the Tax Code, its rate of interest does not only apply to tax matters. *See, e.g.*, 15 U.S.C. § 1117(b) (referring to the rate of interest under § 6621 for the payment of prejudgment interest); 19 U.S.C. § 1677g (referring to the rate of interest under § 6621 for the underpayment of import duties owed); 29 U.S.C. § 1132(g) (referring to the rate of interest under § 6621 for unpaid interest on retirement plan contributions); 41 U.S.C. § 422(h)(4) (referring to the rate of interest under § 6621 for the underpayment of amounts owed on government contracts).

Section 6621 does not specifically include a requirement that any interest calculated pursuant to the rate provided there must be compounded. Rather, the requirement to compound certain types of interest appears in § 6622 of title 26, which provides that "[i]n computing the amount of any interest required to be paid under this title or sections 1961(c)(1) or 2411 of title 28 . . . or any other amount determined by reference to such amount of interest, such interest and such amount shall be compounded daily." Thus, the statutory language of § 6622 requires that the amount of interest be compounded only when: (1) the amount of interest is *required* to be paid under title 26; (2) the amount of interest is *required* to be paid under sections 1961(c)(1) or 2411 of title 28; and (3) the amount of interest is calculated by reference to

amounts *due* under title 26 or sections 1961(c)(1) or 2411 of title 28.

In *Canadian Fur*, an appeal from the Court of International Trade ("CIT"), the plaintiffs underpaid the duties owed on certain imported goods under title 19. 884 F.2d at 566. Because of this underpayment, the plaintiffs had to pay the government the difference between the amount already paid and the amount owed, along with interest on that difference. *Id.* To calculate the rate of interest, the court looked to 19 U.S.C. § 1677g, which provides "[t]he rate of interest payable . . . is the rate of interest established under section 6621 of Title 26 for such period." This court concluded that any interest due under 19 U.S.C. § 1677g needed to be compounded. *Canadian Fur*, 884 F.2d at 568. To reach this result, this court implicitly assumed that if a statute requires that the rate of interest be calculated pursuant to § 6621, that interest is "required" to be paid under title 26. That assumption, however, is inconsistent with the language of the statutes.

In reality, the interest due in *Canadian Fur* was "required" to be paid under title 19, not title 26. Section 1677g(a) of title 19 requires the payment of interest on the overpayment or underpayment of deposited merchandise. *Id.* ("Interest shall be payable on overpayments and underpayments of amounts deposited on merchandise entered, or withdrawn from warehouse . . . .") Section 1677g's reference to the "*rate* of interest" under § 6621 does not mean that the interest is required to be paid under title 26. It is due and payable under title 19—the Tariff Act of 1930—not title 26—the Tax Code. The Eleventh Circuit recognized this distinction, interpreting 29 U.S.C. § 1132(g)(2)'s requirement that "interest on unpaid contributions shall be determined by using . . . the rate prescribed under section 6621 of Title 26" to mean that "the rate of interest is determined by § 6621, not the

method, formula, or procedure of the interest calculation." *Carriers Container Council, Inc. v. Mobile S.S. Ass'n*, 948 F.2d 1219, 1225 (11th Cir. 1991). The court concluded that "the compounding method or formula of § 6622 was inapplicable." *Id.*

This interpretation is consistent with how courts construe the reference to § 6621 in the Lanham Act. Section 1117(b) of title 15 provides that the "the court [in counterfeit trademark actions] award[s] prejudgment interest . . . at an annual interest rate established under section 6621(a)(1) of Title 26." When assessing interest under § 1117(b), courts have applied only the rate of interest under § 6621, not the compounding requirement of § 6622. *See, e.g.*, *Philip Morris USA, Inc. v. U.S. Sun Star Trading, Inc.*, Case No. 08-CV-0068, 2010 WL 2133937 (E.D.N.Y Mar. 11, 2010); *Sherwood Brands of R. I., Inc. v. Smith Enters., Inc.*, Case No. 00-CV-287T, 2003 WL 22061871 (D.R.I. Mar. 23, 2003). Properly construed, a statute's reference to the rate of interest under § 6621 means only that § 6621 must be used to calculate the rate of interest, not that the interest is due under title 26.

Furthermore, the court in *Canadian Fur* violated the basic tenet that "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . ." *Corley v. United States*, 129 S.Ct. 1558, 1556 (2009) (citation and internal quotation marks omitted). The statutory text of both §§ 1961(c)(1) and 2411 of title 28 require that the rate of interest be calculated pursuant to § 6621. Yet they are *additionally* referenced in § 6622 to require compounded interest. 26 U.S.C. § 6622 ("[T]he amount of any interest required to be paid under. . . sections 1961(c)(1) or 2411 of title 28, United States Code" must be compounded). By interpreting a statute's reference to the rate of interest under § 6621 to make that

interest due under title 26, the court in *Canadian Fur* rendered the reference in § 6622 to §§ 1961(c)(1) and 2411 of title 28 superfluous.

Even though *Canadian Fur* was erroneously decided, it was a precedential opinion and bound the panel in *Raytheon* to follow *Canadian Fur*. Section 422(h)(4) of title 41—the relevant statute in *Raytheon*—states that "[t]he interest rate applicable to any contract price adjustment shall be the annual rate of interest established under section 6621 of Title 26 for such period." This language is nearly identical to the relevant language in 19 U.S.C. § 1677g. Furthermore, title 41, like title 19, creates the requirement that interest be paid. 41 U.S.C. § 422(h)(4) ("Such regulations . . . shall require contractors . . . to agree to a contract price adjustment, with interest, for any increased costs paid to such contractor or subcontractor by the United States . . . ."). Correctly interpreted, both 19 U.S.C. § 1677g and 41 U.S.C. § 422(h)(4) require that the rate of interest is the "rate of interest established under section 6621 under Title 26"—nothing more, nothing less.

This erroneous statutory construction could have been corrected by rehearing this case en banc, the only method available to this court to correct its erroneous precedent. Thus, by failing to grant the petition for rehearing en banc, the court chooses to allow a plainly erroneous precedent to propagate itself, subjecting parties to pay compounded interest despite the fact that Congress did not intend that result. For these reasons, I dissent.

# United States Court of Appeals
# for the Federal Circuit

---

**ROBERT M. GATES, SECRETARY OF DEFENSE,**
*Appellant,*

**v.**

**RAYTHEON COMPANY,**
*Appellee.*

---

2008-1543

---

Appeal from the Armed Services Board of Contract Appeals in no. 54907, Administrative Judge Jack Delman.

NEWMAN, *Circuit Judge*, dissenting from the denial of the petition for rehearing en banc.

---

I would have preferred to hear argument, with further briefing, to settle this question of statutory interpretation by the en banc court. The answer to the question does not appear to be as clear as suggested by my colleagues on both sides.

As pointed out in the panel decision, our decision in *Canadian Fur Trappers Corp. v. United States*, 884 F.2d 563 (Fed. Cir. 1989), did not explicitly reference 26 U.S.C. §6622, but can be read as binding the court as to the interpretation of that statute. The panel now suggests that *Canadian Fur* was wrongly decided, and cites the Eleventh Circuit's contrary interpretation in *Carriers*

*Container Council, Inc. v. Mobile S.S. Association, Inc.*, 948 F.2d 1219 (11th Cir. 1991). In my view, these circumstances warrant review by the en banc court to either bring our precedent in line with our sister circuit or defend its correctness.

The issue is whether the requirement to pay interest under any statute that specifies a rate of interest by reference to 26 U.S.C. §6621 necessarily includes the requirement in §6622 that such interest be compounded daily. Section 6622 of the Internal Revenue Code provides:

> **(a) General rule.**--In computing the amount of any interest required to be paid under this title or sections 1961(c)(1) or 2411 of title 28, United States Code, by the Secretary or by the taxpayer, or any other amount determined by reference to such amount of interest, such interest and such amount shall be compounded daily.

26 U.S.C. §6622(a). My colleagues, in proposing en banc review, argue that §6622 governs only the computation of interest due or required to be paid under Title 26 or 28 U.S.C. 1961(c)(1) or 2411. The Eleventh Circuit reasoned in *Carriers Container* that §6622 governed only "the method, formula, or procedure of the interest calculation," 948 F.2d at 1225, and thus a statute's reference to the *rate* of §6621 did not implicate the "method or formula" of §6622. However, neither position gives weight to §6622's requirement that "any other amount determined by reference to such amount of interest" must also be compounded daily.

The statute under which Raytheon was required to pay interest, 41 U.S.C. §422(h)(4), provides: "The interest rate applicable to any contract price adjustment shall be the annual rate of interest established under section 6621

of Title 26 for such period." There is no question that §422(h)(4) sets a "rate" of interest by reference to 26 U.S.C. §6621, which provides interest rates for overpaid or underpaid taxes. The question is whether determining the amount of interest in this way constitutes determining an amount of interest by reference to "the amount of any interest required to be paid under [title 26] or sections 1961(c)(1) or 2411 of title 28, United States Code," the antecedent basis for "such amount of interest" in the "any other amount" clause of §6622. Should "amount" here be interpreted to mean only a specific sum calculated under one of these provisions in specific circumstances, or does it refer to the overpaid or underpaid taxes referenced in §6621, which are required to be paid under Title 26?

The legislative history of §6622 goes a long way in resolving ambiguity. The Senate Report states that "[u]nder present law, interest payable to or by the United States under the internal revenue laws is not compounded." S. Rep. No. 97-494, vol. 1, at 305 (1982). The change in law is explained:

> Under the Committee bill, all interest payable under the internal revenue laws will be compounded daily. This adjustment will conform computation of interest under the internal revenue laws to commercial practice. *The change will also offset any other amounts computed by reference to the interest rate provided for in the code.*

*Id.* (emphasis added). Though the meaning of the word "offset" is unclear in this context, the Conference Report makes the point more clearly:

> All interest payable under the internal revenue laws would be compounded daily. The change would also affect any other amounts computed by

> reference to the interest rate provided for in the Code.

H.R. Rep. No. 97-760, at 595 (1982) (Conf. Rep.). Both reports state that §6622 is meant to affect any other amounts of interest computed in accordance with the rate in the Internal Revenue Code, including the rates provided in §6621. The concerns expressed in the Senate Report about failure to compensate the government and taxpayers for the value of money owed to them would apply to other contexts where the government is determined to owe interest to citizens or vice versa. Thus it is at least likely that reference to the interest rates provided in §6621 are intended to be computed as set forth in §6622.

Raytheon's argument, pressed by my fellow colleagues in dissent, is that this interpretation cannot be correct because it could be considered to render §6622's reference to 28 U.S.C. §§1961(c)(1) & 2411 unnecessary. Superfluous language serves no purpose, but I can envision a legislative purpose in specifically referencing §§1961(c)(1) and 2411 in §6622 rather than relying on the catch-all provision alone to necessitate compounding. It would be permissible, for example, to require that interest under §§1961(c)(1) and 2411 be compounded whether or not those statutes continue to reference the rates provided in §6621. To resolve the uncertainties raised by litigants, the government, and my colleagues in dissent, en banc consideration is warranted.

From the court's determination not to examine this issue, I respectfully dissent.